**Exhibit "4"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., ET AL.,<br><br>   Plaintiffs,<br><br>   v.<br><br>RCN TELECOM SERVICES OF MASSACHUSETTS, LLC and RCN TELECOM SERVICES, LLC,<br><br>   Defendants. | Civil Action No. 3:21-cv-15310-GC-TJB |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants RCN Telecom Services of Massachusetts, LLC, and RCN Telecom Services, LLC (collectively "Defendants" or "RCN") respond to Plaintiffs' First Set of Request for Production of Documents with the following responses and objections.

Consistent with the below, Defendants will produce responsive, non-privileged documents on a rolling basis, starting within 30 days or at such other time as the parties may agree.

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference in each of Defendant's Specific Objections and Responses set forth below:

1.    Defendants object to Plaintiffs' Requests to the extent they impose obligations on Defendants that are inconsistent with or exceed those set forth in the Federal Rules of Civil

Procedure, Rules of the United States District Court for the District of New Jersey, or any Order of this Court.

2. Defendants object to Plaintiffs' Requests to the extent they seek the disclosure or production of information protected by the attorney-client privilege and/or work product doctrine. Such information shall not be provided in response to these Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

3. Defendants object to Plaintiffs' Requests to the extent they seek documents and information prior to August 13, 2018, which represents the three-year statute of limitations for Plaintiffs' copyright information claims based on the August 13, 2021 filing date of Plaintiffs' Complaint, 17 U.S.C. § 507(b).

4. Defendants object to Plaintiffs' Requests to the extent they purport to require Defendants to produce "all documents" on a given topic, which would require Defendants to scour every medium and location in which documents may be stored, across a very large organization with many employees. To the extent Defendants agree to produce documents, Defendants will conduct a reasonable search for those documents.

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**Request for Production No. 1**: All discovery documents (such as initial disclosures, responses to requests for production of documents and interrogatory responses) RCN has provided to the Plaintiffs in *UMG Recordings, Inc. et al. v. RCN Telecom Services, LLC et al.*, 3:19-cv-17272-MAS-ZNQ, D.N.J.

**Request for Production No. 89**:  Each document that mentions, relates to, or constitutes any communication between Defendants and each of the subscribers related to a piracy notice concerning any such subscriber assigned the IP addresses shown in Exhibits 1-2.

**Response**:  To the extent Defendants understand this Request, it is redundant to Request No. 77, and Defendants therefore refer to their response to that Request.

Dated:  February 8, 2023

Respectfully submitted,

By: *Zachary C. Howenstine*
Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D.  No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
(267) 780-2000
(215) 405-9070 (fax)
ebehm@atllp.com

Richard L. Brophy*
Zachary C. Howenstine*
Margaret R. Szewczyk*
Angela B. Kennedy*
Sydney K. Johnson*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
skjohnson@atllp.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants RCN Telecom Services of Massachusetts, LLC and RCN Telecom Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of February 8, 2023, I caused a copy of the foregoing to be served upon all counsel of record via email.

By: *Zachary C. Howenstine*
Zachary C. Howenstine