**Exhibit "8"**

**MCGEARY CUKOR LLC**
Michael Cukor, Esq.
mcukor@mcgearycukor.com
Vincent McGeary
vmcgeary@mcgearycukor.com
7 Dumont Place
Morristown, NJ 07960
(973) 339-7367
Attorneys for Plaintiff

**CULPEPPER IP, LLLC**
Kerry S. Culpepper, Pro Hac Vice forthcoming
kculpepper@culpepperip.com
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:(808) 464-4047
Facsimile: (202) 204-5181
Pro Hac Vice Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AFTER II MOVIE, LLC, BODYGUARD PRODUCTIONS, INC., HITMAN TWO PRODUCTIONS, INC., KILLING LINK DISTRIBUTION, LLC, LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MILLENNIUM MEDIA, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., SF FILMS, LLC, VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, WONDER ONE, LLC, and YAR PRODUCTIONS, INC.<br><br>                    Plaintiffs,<br>  v.<br><br>RCN TELECOM SERVICES, LLC; and RCN TELECOM SERVICES OF MASSACHUSETTS, LLC,<br><br>    Defendants. | Case No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL |

infringement of the motion picture *Ava* at IP addresses assigned to Defendants from ARIN.

106. For example, Plaintiffs' agent sent over 300 Notices to Defendants concerning infringement of the motion picture *The Outpost Killer* at IP addresses assigned to Defendants from ARIN.

107. Plaintiffs' agent sent over 100 Notices to Defendants concerning observed infringements at each of IP addresses 65.78.99.191, 207.172.202.107 and 209.94.139.49.

108. Upon information and belief, other rightsholders had similar Notices sent to Defendants concerning infringing activity at IP addresses assigned to Defendants from ARIN.

109. Defendants failed to terminate the subscribers of the accounts associated with these IP addresses or take any meaningful action in response to these Notices.

110. Defendants often failed to even forward the Notices to their subscribers.

111. Defendants continued to provide service to their subscribers despite knowledge that their subscribers were using the service to engage and facilitate massive piracy of Plaintiffs' copyright protected Works.

112. Plaintiffs' counsel sent a letter to Defendant RCN Telecom Services, LLC detailing these concerns and pointing to detailed examples of prolific piracy behavior by subscribers on Oct. 19, 2020. *See* Exhibit "D".

113. Defendants completely ignored the letter and continued to provide service to even the subscribers engaged in prolific piracy detailed in the letter.

114. Defendants' failure to terminate or take any meaningful action against their subscribers resulted in a cascade of piracy of Plaintiffs' Works.

**F) Defendants Control the Conduct of Their Subscribers.**

115. Defendants can terminate the accounts of their subscribers at any time.